PER CURIAM.
By these consolidated appeals, we are called upon to review an order on partial summary judgment, and an order dismissing a third party complaint. The appellants are Allstate Insurance Company and Marshall Kleinman; the appellees are Gerinaldo Navarro, Don Julio Corporation and Liberty Mutual Insurance Company.
This action commenced as a collection case by Allstate against Don Julio Corporation for unpaid insurance premiums. It rapidly ballooned into a complicated morass of pleadings and tangentially related parties, claims and issues. We will first introduce the characters, and then explain their status in the case as they appear in the pleadings.
Don Julio Corporation, an ornamental ironworks business located in Hialeah, Florida, required several types of business insurance, including property, automobile, general liability, and workmen’s compensation and employer’s liability coverage. Representatives of Don Julio Corporation contacted Marshall Kleinman, a senior account agent of Allstate Insurance Company, in order to purchase such insurance coverage. Kleinman sold Don Julio Corporation an Allstate business package policy in December, 1972.
In September, 1973, Don Julio Corporation advised Kleinman that it had a subsidiary, and requested that Kleinman obtain workmen’s compensation and employer’s liability insurance coverage for such subsidiary. The subsidiary, Dodge Island Repair, Inc., is located at Dodge Island Shipyard, Miami, and has one employee, a welder.
In March, 1974, Gerinaldo Navarro, the welder, was injured while welding on a ship, the M/V Siboney, at Dodge Island. Navarro became disabled as a result of his injuries. For a time, Allstate voluntarily paid benefits to Navarro under its workmen’s compensation policy with Don Julio Corporation, but on September 10, 1974, Allstate controverted the claim and terminated payments. Navarro filed a claim in the United States Department of Labor, Office of Workmen’s Compensation, under the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C. § 901, et seq., against Don Julio Corporation, Allstate Insurance Company, Reynolds Metals Company, Ocean Trailers Transport Corporation, Liberty Mutual Insurance Company and the M/V Siboney. The record reflects that Liberty Mutual is the workmen’s compensation carrier of Reynolds Metals and Ocean Transport; and that Reynolds Metals and Ocean Transport may have been co-employers with Don Julio Corporation and its subsidiary, Dodge Island Repair, on the work being done by Navarro at the time of his accident.
We will now explain how the foregoing persons or businesses became involved in these proceedings as parties or otherwise. As stated previously, a complaint was filed by Allstate alleging that Don Julio Corporation owed some $11,500.00 in unpaid insurance premiums. Together with an answer and affirmative defenses, Don Julio Corporation filed a counterclaim against Allstate, and a third party complaint against Geri-naldo Navarro and Marshall Kleinman. The third party claim against Navarro and Kleinman alleges that Don Julio Corporation advised Kleinman that its subsidiary, Dodge Island Repair, was performing maintenance operations on ships at Dodge Island Shipyard, and requested that Kleinman provide adequate workmen’s compensation and employer’s liability coverage for such subsidiary; that Kleinman informed Don Julio Corporation that the operations of Dodge Island Repair were covered by proper insurance; that, in fact, proper coverage was not obtained due to Kleinman’s negligence; and that judgment should be entered in favor of Don Julio Corporation against Kleinman for any and all sums for which Don Julio may *125 be held liable in the claim for workmen’s compensation filed by Gerinaldo Navarro. The third party claim also seeks a declaratory judgment against Navarro because Don Julio is unsure of its rights and responsibilities in Navarro’s injury claim.
In the counterclaim, Don Julio Corporation asserts that Allstate acted in bad faith in failing to represent Don Julio against Navarro’s claim, and seeks (1) a declaration of rights as to coverage under the policy issued by Allstate, and (2) damages incurred by Don Julio as a result of Kleinman’s negligence, and Allstate’s bad faith and breach of contract.
Gerinaldo Navarro, injured welder and third party defendant, filed an answer and a pleading entitled “counterclaim” seeking a declaration of rights as between himself and Don Julio Corporation, Allstate, Klein-man and Kleinman’s errors and omissions liability insurance carrier (as yet unnamed in these proceedings). The “counterclaim” alleges that Allstate paid Navarro some benefits under Don Julio Corporation’s workmen’s compensation policy, but terminated benefits while Navarro was still in need of medical care and treatment; that Navarro is a third party beneficiary of the policy and that he is entitled to full benefits under the policy, in addition to compensation for pain and suffering, loss of earning capacity and other damages. The record fails to reflect that Don Julio Corporation filed a responsive pleading to this claim by Navarro.
Third party defendant Kleinman filed an answer and third party complaint against Liberty Mutual Insurance Company, alleging that in the event that Kleinman is declared liable on Navarro’s “counterclaim” or on Don Julio’s counterclaim and third party complaint, Liberty Mutual should be held liable to Kleinman for all damages assessed against him. Liberty Mutual, it is alleged, was involved in Navarro’s claim in that it
“ . . . was the workmen’s compensation carrier for a coemployer, REYNOLDS METAL COMPANY AND OCEAN TRAILERS TRANSPORT CORPORATION.”
Attached as an exhibit to Kleinman’s third party complaint, is a letter of August 27, 1975, to Navarro from the Claims Examiner, Office of Worker’s Compensation, United States Department of Labor, to the effect that Navarro’s counsel having withdrawn his Longshore and Harbor Worker’s claim against Allstate, Don Julio Corporation, Liberty Mutual, Ocean Transport, Reynolds Metals and the M/V Siboney, the file is closed.
Exhibits attached to Navarro’s brief show that Navarro executed a release and indemnification agreement in the Longshore and Harbor Worker’s claim, having settled with Liberty Mutual, Ocean Transport, Reynolds Metals and the M/V Siboney. Letters by Navarro’s counsel indicate that Navarro did not settle with Don Julio and Allstate, and that Navarro intended to proceed against them in the Florida courts.
Navarro next filed a motion for partial summary judgment against Allstate on the question of coverage. Attached to the motion is (1) Allstate’s notice to controvert, of September 10,1974, stating that the Florida Bureau of Workmen’s Compensation has no jurisdiction, and (2) a letter from Allstate’s counsel to the federal Office of Worker’s Compensation, of October, 1974, advising that Allstate did not have in force and effect for Don Julio Corporation, a compensation policy under the Federal Longshoremen’s and Harbor Workers’ Compensation Act, but that Allstate voluntarily paid Navarro temporary total disability benefits in the amount of $1,920.00 plus medical benefits in the amount of $1,415.50, until it discovered that this was a federal compensation matter.
Liberty Mutual filed a motion to dismiss Kleinman’s third party complaint against it, alleging that Kleinman’s claim failed to state a cause of action, and that under the facts and circumstances, Liberty Mutual cannot be liable to Kleinman. After a hearing, at which argument was had on these and other pending motions, the court granted Navarro’s motion for partial summary judgment as follows:
*126 “ . . from the contents of the Court file, it would appear that the Counter-claimant GERINALDO NAVARRO is covered under the insurance policy of the employer DON JULIO CORPORATION, with ALLSTATE ...”
The court also entered an “order on pleadings” in which it ruled on all of the other motions, including Liberty Mutual’s motion to dismiss:
“The Third Party Defendant, Liberty Mutual Insurance Company’s Motion to Dismiss the Third Party Complaint against it, is granted, however, without prejudice to said Third Party Plaintiff, Marshall Kleinman, to commence a separate action for such relief as he may seek.”
We will first address the question of the correctness of entry of the partial summary judgment holding that Navarro is covered under the workmen’s compensation and employer’s liability policy. Having studied the record in this case, we find that it is pregnant with genuine issues of material fact, and that entry of summary judgment at this stage of the proceedings was improper. The record fairly bristles with questions to be answered before a determination can be made as to whether Navarro is covered by Don Julio’s policy: for example, Don Julio Corporation alleges in its pleadings that at the time it sought to obtain workmen’s compensation and employer’s liability insurance coverage for its subsidiary, Dodge Island Repair, it advised Kleinman of the nature of the work being performed at the shipyard. Kleinman, on the other hand, testified on deposition, that he wrote coverage for Dodge Island Repair after checking “thoroughly” and being told that there was “no exposure anywhere near” and no contact with marine vessels; that there was no longshoremen’s or harbor worker’s exposure; that it was never his intent, and that he had no facilities to provide coverage for longshoremen and harbor workers; and further, that the owners and representatives of Don Julio knew “concretely” that he was not providing such coverage.
There is a document dated September 25, 1973, and entitled “business insurance customer service request” ■ included in the exhibits which Kleinman produced at his deposition, which states:
“NOTE: Insured is operating under the Don Julio Corporation, a subsidiary known as Dodge Island Repair, located at the Dodge Island Ship Yark [sic], Miami. He has only one employee there who does welding work only. I have check [sic] thoroughly to negate any LONG SHORE MEN [sic] AND HARBOR Worker’s exposure, and it is absolutely no exposure any where [sic] near a vessell [sic] (ship). Increase W/C $5,000 under welding class, add on add’t vehicle shown below.”
Among other genuine issues of material fact to be determined in this case, are the following: what Navarro was doing at the time he was injured; which employer(s) Navarto was working for at the time of the accident; whether he is entitled to relief under federal or Florida workmen’s compensation provisions; whether Allstate’s policy covers Navarro, and if so, under federal or Florida worker’s compensation, or under its employer’s liability coverage provisions; whether Kleinman was advised by Don Julio that Navarro was welding on ships; whether Kleinman advised Don Julio that neither he, nor Allstate intended to provide, nor could they provide coverage for longshoremen and harbor workers. Clearly, the time was not ripe to find as a matter of law that Navarro is covered by the Allstate policy.
We next reach the order dismissing Kleinman’s third party claim against Liberty Mutual, without prejudice to Kleinman “to commence a separate action for such relief as he may seek.” We find that the trial court was correct in so ruling, and we affirm. In our opinion, Kleinman failed as a matter of law to plead facts stating a cause of action for indemnity against Liberty Mutual within the parameters of the instant case. We are unable to ascertain any legal relationship between Kleinman and Liberty Mutual, beyond the fact that Liberty Mutual settled a collateral matter *127 with Navarro wherein Allstate and Don Julio Corporation were also parties.
The order dismissing the third party complaint against Liberty Mutual is affirmed. The partial summary judgment in favor of Navarro on coverage is reversed and the cause is remanded for further proceedings.
Affirmed in part, reversed in part and remanded.